**MICHAEL PANCER**
California State Bar No. 43602
105 W. "F" St. 4th Fl.
San Diego, CA 92101
Telephone: (619) 236-1826
Fax: (619) 233-3221
Email: mpancer@hotmail.com

Attorney for Defendant
MICHAEL KRAPCHAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08cr2386-JM |
| Plaintiff, | Date: August 15, 2008<br>Time: 11:00 a.m. |
| v. | |
| MICHAEL KRAPCHAN, | **MOTION TO COMPEL PRODUCTION OF DRAFT TRANSCRIPTS** |
| Defendant. | |

To:   Karen Hewitt, United States Attorney, and
    Orlando Gutierrez, Assistant United States Attorneys

**I.**

**Introduction and Statement of Facts**

After the culmination of a long-term investigation conducted by the Federal Bureau of Investigation, and involving hundreds of hours of recordings of telephone calls and in-person meetings between the targets and a confidential source, defendant Michael Krapchan and his codefendants were arrested in San Diego on June 13, 2008.  They are charged with conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 841.  To date, the government has provided the defense with forty-five compact disks ("CDs") that appear to contain recordings of conversations between Mr. Krapchan and the informant.  The majority of the conversations appear to be in the Russian language.

To greatly accelerate the trial preparation process, and to avoid unnecessary delay, Mr. Krapchan, through counsel, has requested that the government  provide the defense with any "rough draft" transcripts

it has prepared of any of the conversations recorded in this investigation. *See* Declaration of Counsel and Exhibit A, attached. The government has not agreed to provide any such transcripts to the defense. This motion follows. The motion is based on the attached declaration of counsel, the statement of facts and arguments of law below.

## II.

### Argument

*A.   Mr. Krapchan Should Receive the Draft Transcripts Pursuant to Rule 16.*

Under Rule 16 of the Federal Rules of Criminal Procedure, Mr. Krapchan is entitled to discovery, including disclosure of "any relevant written or recorded statement by the defendant" if it is "within the government's possession, custody, or control" and "the attorney for the government knows - or through due diligence could know - that the statement exists." Fed. R. Crim. Pro. 16(a)(1)(B).

In this case, Mr. Krapchan has been provided with the CDs apparently containing hundreds of hours of his statements via conversation with the government's informant (and, perhaps, others). To the extent the government has in its possession transcripts of these conversations, the transcripts contain the defendants' statements and therefore fall within the provisions of Rule 16 cited above. *See United States v. Shields*, 767 F. Supp. 163, 166 (N.D. Ill. 1991) ("as an ultimate and practical matter the transcript amounts to the purported statement of the ***defendant****,*" thus, the draft transcripts must be disgorged under Rule 16) (emphasis in original).

In examining whether the transcripts fall under Rule 16, the Court should be guided by the principles governing the interpretation of the Federal Rules of Criminal Procedure and memorialized in Rule 2:

> These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.

Fed. R. Crim. Pro. 2. The Ninth Circuit recently held, en banc, that Rule 16 must be informed by these overriding principles of fairness and efficiency. *United States v. Grace*, 526 F.3d 499, 510 (9th Cir. 2008) (en banc): "The thrust of Rule 16 -- viewed in light of Rule 2 -- is to allow the district court to ensure that the parties comply with the letter ***and spirit*** of the rule" (emphasis added).

1    In *Grace*, the government filed an interlocutory appeal, challenging the district court's requirement that it file a complete witness list approximately one year before trial. Noting that "Rule 16 does not expressly mandate the disclosure of *nonexpert* witnesses," id., the Court nonetheless had little trouble concluding that such a ruling was authorized by Rule 16. The Court pointed out that "it is not inconsistent with Rule 16 and Rule 2 for a court to order the government to produce a list of such witnesses as a matter of its discretion. . . . Above all, nothing in nothing in Rule 16 expressly prohibits the district court from ordering additional pretrial discovery or disclosures that will also further the objectives set forth in Rule 2." Id. at 510-511.

The recent en banc pronouncement highlights this Court's authority to compel production of the draft transcripts in this case pursuant to Rule 16 as informed by Rule 2. Early production of the transcripts will promote fairness, reduce costs, and will result in less delay. Because the transcripts contain Mr. Krapchan's statements, the Court should order the government to provide copies forthwith.

**B.    The Court Has Inherent Authority to Order the Government to Provide the Transcripts to the Defense.**

Even if the Court were to conclude that the transcripts are not strictly speaking the "statements" of the defendant as delineated in Rule 16, the Court nevertheless should exercise its inherent authority to require the government to provide them to the defense.

As mentioned in *Grace*, supra, "there is a well established principle that district courts have inherent power to control their dockets . . . . Further, judges exercise substantial discretion over what happens inside the courtroom." 526 F.3d at 509 (internal citations omitted). The *Grace* court with approval cases holding that the courts maintain "inherent authority" and "wide latitude" to "carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice." *Id.*, citations omitted. *Accord United States v. Armstrong*, 517 U.S. 456, 477 (1996) (Stephens, J., dissenting) (discussing "the District Court's inherent power to order discovery in appropriate circumstances"); *see also* Advisory Committee's Notes on Rule 16, 1974 Amendment: Rule 16 is "not intended to limit the judge's discretion to order broader discovery in appropriate cases."

The *Grace* Court avoided answering the question of whether Rule 16 and Rule 2 provided sufficient authority for the trial judge's order requiring disgorgement of a complete witness list. For the Court, it

3

was enough that,

> At the very least these rules do not preclude such orders. Further, they reinforce the logic and fairness of requiring the government to produce a pretrial witness list of both experts and nonexperts (subject to appropriate conditions) so that the parties -- and the district court -- may be adequately prepared for trial. That is the essential premise of the court's inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system.

*Id.* at 511-512.

The same premise should control in Mr. Krapchan's case. Either the Court is authorized under Rule 16 and Rule 2 to compel disclosure of the draft transcripts, in which case it should do so, or, if disclosure is not specifically required under Rule 16 and Rule 2, it should order disclosure under its inherent authority to manage its docket to promote fair and effective administration of justice.

### III.

### The Court May Limit the Use of the Transcripts

Just as the Court has broad discretion in ordering the disgorgement of discovery, the Court also enjoys the authority to regulate and restrict the use of discovery it orders. *See* Fed. R. Crim. Pro. 16(d) ("At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief"). In this case, the defense has no objection to strict limitations on the use of the draft transcripts under Rule 16(d).

In its proposed order, which is attached as Exhibit B, Mr. Krapchan would be limited to use of the draft transcripts for a single purpose: to prepare for trial. He will not be permitted to use the transcripts for trial or any other purpose. Under such an order, the government can be assured that it does not have to be concerned that it may be damaged by the defense use of a preliminary, perhaps incorrect transcript used for impeachment or some other purpose at odds with the government's goals in the case.

Along those lines, the defense is not asking the Court to order the government to *prepare* new transcripts. The defense simply seeks disclosure of transcripts in the possession of the government. By granting this motion, the Court will significantly facilitate defense preparation for trial, which ultimately will speed up the case and thereby alleviate congestion in arguably the busiest judicial district in the

1  United States.

## IV.
## Conclusion

For the above-stated reasons, Mr. Krapchan respectfully urges the Court to grant his motion for production of transcripts.

Respectfully submitted,

/s Michael Pancer

Dated: August 1, 2008

Michael Pancer
Attorney for Defendant Krapchan

1  **MICHAEL PANCER**
   California State Bar No. 43602
2  105 W. "F" St. 4th Fl.
   San Diego, CA 92101
3  Telephone: (619) 236-1826
   Fax: (619) 233-3221
4  Email: mpancer@hotmail.com

5  Attorney for Defendant
   MICHAEL KRAPCHAN
6

7                    UNITED STATES DISTRICT COURT

8                   SOUTHERN DISTRICT OF CALIFORNIA

9                       (HON. JEFFREY T. MILLER)

10 UNITED STATES OF AMERICA,          )   Case No. 08cr2386-JM
                                      )
11         Plaintiff,                 )
                                      )
12 v.                                 )
                                      )
13 **MICHAEL KRAPCHAN,**              )   **DECLARATION OF COUNSEL IN SUPPORT**
                                      )   **OF MOTION FOR TRANSCRIPTS**
14         Defendant.                 )
                                      )
15 _____      )

16         I, Michael Pancer, state the following under penalty of perjury:

17 1.   I am the attorney of record for Michael Krapchan, the above-named defendant.

18 2.   I have requested discovery from the government in this case. The government has provided forty-
19      five compact disks ("CDs") which contain recordings of conversations between Mr. Krapchan, the
20      government's informant, and others involved in the investigation. To the best of my knowledge,
21      the majority of the conversations are in the Russian language. I do not speak or understand
22      Russian.

23 3.   I am making arrangements with authorities at the Metropolitan Correctional Center, where Mr.
24      Krapchan is housed, for Mr. Krapchan to have access to appropriate electronic or computer
25      equipment so that he may listen to the recordings. It will be difficult and time-consuming for Mr.
26      Krapchan to complete this review as he will be provided only limited amounts of time to spend in
27      the library reviewing the CDs.

28 //

                                              6

4. I believe the government has in its possession rough transcripts of some of the conversations. I believe it would be in the interest of justice for the Court to order the government to disgorge copies of the draft transcripts to the defense to avoid unnecessary delay in trial preparation.

5. I have written a letter to Assistant United States Attorney Orlando Gutierrez, attached hereto as Exhibit A, in which I request a copy of draft transcripts. In this letter, I state that I agree not to use the transcripts for any purpose other than trial preparation. The attached letter would seem to safeguard the government from its usual concern that rough transcripts later would be used to contradict later interpretations or corrections to the translations.

6. I believe the government's cooperation in providing rough translations at an early stage in the case will greatly accelerate trial preparation for the defense and will assist the Court in allowing the case to be taken to trial without great delay.

Executed in San Diego, California, on August 1, 2008.

/s Michael Pancer

Michael Pancer
Attorney for Defendant Michael Krapchan

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA.  I am over eighteen years of age and not a party to the action.  My business address is 105 West F Street, Fourth Floor, San Diego, CA  92101.

On August 1, 2008, I personally served the following documents:

**Motion to Compel Discovery of Draft Transcripts**

on the below attorneys by electronic filing:

Assistant United States Attorney Orlando Gutierrez

Counsel for all co-defendants

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on August 1, 2008 at San Diego, CA.

/s Jeremy Warren

_____

Jeremy D. Warren

# EXHIBIT A

## Correspondence to AUSA Gutierrez

July 7, 2008   

To:   AUSA Orlando Gutierrez          FAX 557-5915

From: Michael Pancer                  FAX 233-3221

    Re:   Michael Krapchan

Dear Mr. Gutierrez:

    It is the purpose of this letter to request any draft transcripts you have in Michael Krapchan's case.

    I expressly agree that these transcripts would not be used in court in any way. I understand that they cannot be used to impeach agents or introduced through any witness. They are only being provided as a courtesy to me to allow me to visit with my client at the earliest possible moment to determine whether or not he has a defense in this case or if the case should be settled.

    I also agree that these transcripts are for my own use and will not be distributed to anyone other than individuals working with me on the case who also will be bound by the same agreement.

    If this is insufficient, please send me another document to sign.

                                Best regards,

                                Michael Pancer

MP:cr

# EXHIBIT B

# Proposed Order

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**MICHAEL KRAPCHAN,**<br><br>　　　　Defendant. | Case No. 08cr2386-JM<br><br>[PROPOSED]<br><br>ORDER FOR DISCLOSURE OF TRANSCRIPTS OF RECORDED STATEMENTS |

GOOD CAUSE appearing, it is hereby ordered that the Government provide to counsel for Mr. Krapchan all transcripts in its possession, or which it comes to possess, of any recorded conversations or statements of the defendant or defendants in the above-entitled matter. The defense may not distribute the transcripts to anyone other than attorneys, investigators, and professionals working for the defense, and Mr. Krapchan. The defense may use the transcripts for trial preparation only, and may not use the transcripts for any other purpose, such as for the filing of pretrial motions, as substantive evidence, or for impeachment or cross examination of any witness in any proceeding.

SO ORDERED.

Dated:_____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Jeffrey T. Miller
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge