UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr2386-JM |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER |
| | ) | OF CRIMINAL FORFEITURE |
| v. | ) | |
| | ) | |
| HASSAN SHIRANI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant pursuant to 21 U.S.C. § 853 as properties constituting and derived from proceeds the Defendant obtained directly or indirectly as the result of the commission of the violation of Title 21, United States Code, Sections 846 and 841(a)(1) as charged in the Indictment, and were used or intended to be used in any manner or part to commit and to facilitate the commission of such violation; and

WHEREAS, on or about August 5, 2008, the above-named Defendant, HASSAN SHIRANI ("Defendant"), pled guilty to Count 1 of the Indictment, which plea included consent to the criminal forfeiture allegation pursuant to Title 21 as set forth in the Indictment; and

WHEREAS, on or about February 17, 2009, the plea of the Defendant was accepted by the U.S. District Court, and which plea included consent to the criminal forfeiture allegations pursuant to Title 21 as set forth in the Indictment; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court, namely:

    a.    Approximately $100,000.00 in U.S. Currency seized on June 15, 2008 from Comfort Inn, Room #304 Venture Blvd. Woodland Hills, California;

    b.    Approximately $1,570.00 in U.S. Currency seized from defendant Hassan Shirani June 13, 2008;

    c.    Approximately $17,000.00 in U.S. Currency seized on June 13, 2008;

    d.    Approximately $125.00 in U.S. Currency seized from Michael Krapchan on June 13, 2008; and

    e.    Approximately $3,000.00 in U.S. Currency seized from co-conspirator Ryan Wedding on June 13, 2008; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant HASSAN SHIRANI in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a.    Approximately $100,000.00 in U.S. Currency seized on June 15, 2008 from Comfort Inn, Room #304 Venture Blvd. Woodland Hills, California;

    b.    Approximately $1,570.00 in U.S. Currency seized from defendant Hassan Shirani on June 13, 2008;

    c.    Approximately $17,000.00 in U.S. Currency seized on June 13, 2008;

    d.    Approximately $125.00 in U.S. Currency seized from Michael Krapchan on June 13, 2008; and

    e.    Approximately $3,000.00 in U.S. Currency seized from co-conspirator Ryan Wedding on June 13, 2008; and

2. The aforementioned forfeited assets are to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the Marshals Service's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: May 14, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge