```
 1                   United States District Court

 2                   Southern District of California

 3

 4  UNITED STATES OF AMERICA,    )
                                 )
 5                  Plaintiff,   )
                                 )
 6      vs.                      ) Case No. 08-CR-2386 JM
                                 ) Judgment & Sentence
 7  HASSAN SHIRANI,              )
                                 )
 8                  Defendant.   ) Friday, December 18, 2009
    _____)
 9

10            Before the Honorable Jeffrey T. Miller
                    United States District Judge
11

12  Appearances:

13  For the Plaintiff:      Karen P. Hewitt
                            UNITED STATES ATTORNEY
14                          Orlando B. Gutierrez
                            ASSISTANT U.S. ATTORNEY
15                          880 Front Street, Suite 6293
                            San Diego, CA  92101
16
    For the Defendant:      Thomas J. Warwick, Esq.
17                          GRIMES AND WARWICK
                            2664 Fourth Avenue
18                          San Diego, CA  92103

19

20

21  Official Court Reporter: Debra M. Henson, CSR, RPR
                             U.S. Courthouse
22                           940 Front Street, Suite 5190
                             San Diego, CA  92101
23                           (619) 238-4538

24

25            Record produced by stenographic reporter
```

```
 1            San Diego, California - Friday, December 18, 2009
 2            THE CLERK:  Calling item No. 5 on calendar, case
 3   No. 08-CR-2386, United States of America versus Hassan
 4   Shirani, on for sentencing with PSR.
 5            MR. WARWICK:  Good morning, your Honor.  Tom
 6   Warwick appearing on behalf of Mr. Shirani, who's in custody
 7   and not yet present before the Court.
 8            MR. GUTIERREZ:  Good morning, your Honor.  Orlando
 9   Gutierrez for the United States.
10            THE COURT:  Good morning.
11            MR. WARWICK:  Mr. Shirani is now present, your
12   Honor.
13            THE COURT:  Are you ready to proceed, Mr. Warwick?
14            MR. WARWICK:  Yes, your Honor.  We have received
15   all of the filings from the United States.  I've been in
16   trial for the last two weeks, and I haven't filed any
17   supplemental; I hope the Court will allow me to address the
18   latest round of pleadings orally.
19            MR. GUTIERREZ:  Your Honor, if I could also
20   apologize to the Court.  In was my initial intention to
21   continue the sentencing, but in order to facilitate
22   sentencing today, I did what I could to gather the necessary
23   information and get the approvals required.
24            THE COURT:  Okay.  I did -- yeah, I did actually
25   have time to review the letter --
```

1          MR. GUTIERREZ:  Thank you.

2          THE COURT:  -- this morning.  I know it came in
3  yesterday.  Okay.  Mr. Shirani, are you ready to proceed with
4  sentencing today?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  All right.  I have previously accepted
7  Mr. Shirani's plea of guilty to conspiracy to distribute
8  cocaine as charged in this case as being knowing,
9  intelligent, voluntary, and express with a full understanding
10 of the nature of the charge, his constitutional rights, the
11 consequences of his plea of guilty, and I have found there is
12 a factual basis for the plea.  This plea was accepted by
13 order of February 17 following the Rule 11 colloquy before
14 Judge Stormes.  Mr. Shirani, have you read through the
15 probation report in this case?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Okay.  Counsel, I have read and
18 considered the probation report, your original sentencing
19 memorandum, Mr. Warwick, the sentencing summary charts, the
20 letter that's come in recently that I referred to a little
21 earlier.  I've considered the nature and circumstances of the
22 offense and history and characteristics of Mr. Shirani as
23 well as the advisory guidelines and the statutory purposes of
24 sentencing.  Obviously the Wedding trial having gone forward,
25 I'm very familiar with the context of the case.  Mr. Warwick?

 1          MR. WARWICK:  Your Honor, just if I might, the
 2  recommendation I believe currently is 30 months.  Mr.
 3  Krapchan, who is obviously significantly involved in this
 4  activity, also received a 30-month sentence it's my
 5  understanding, so we're looking at somebody that is somewhat
 6  similarly situated but has done an enormous amount more than
 7  Mr. Krapchan in this case.
 8          I do have some very, very significant
 9  considerations about the safety of my client, as does
10  everybody in this case.  His mother and his fiancee have
11  traveled down here from Canada.  They are aware of the
12  interaction that has occurred up there.  His brother has
13  moved his residence as a result of those indications from the
14  parties up in Canada.
15          Looking at what Mr. Shirani has done, and looking
16  at the time that he has served in this particular case, I
17  would ask the Court to consider a credit for time served in
18  this particular case.  He's -- if we looked at the 30
19  months -- and he's served I believe 19 months at this
20  particular -- 18 or 19 months at this particular time -- we'd
21  be looking at credits and -- good-time credits and things,
22  maybe a sentence of maybe about six and a half months
23  remaining.  He has done, as the Court is well-aware from the
24  pleadings, an enormous amount.  He has burned all of those
25  bridges.  He has to great extent put himself and his family

```
 1  at great risk.  We are -- he is going to a foreign country;
 2  although, I would stipulate, a country with a good rule of
 3  law, it is still a concern that he will not be within the
 4  sphere that we can do anything to protect him here.  And
 5  since he is a citizen of that country, he will have to go
 6  back there obviously.  It will probably require him to move.
 7  How far or how -- to where is difficult --
 8          THE COURT:  I don't know where ultimately he may
 9  wind up.  Are you suggesting that Canada -- well, is he a
10  naturalized Canadian citizen?
11          MR. WARWICK:  Yes, your Honor, he is a citizen.
12          THE COURT:  All right.  Are you suggesting he will
13  need to be placed in a country other than Canada or he will
14  remain in Canada?
15          MR. WARWICK:  Well, your Honor --
16          THE COURT:  And I don't even know if you're able to
17  say or prepared to --
18          MR. WARWICK:  At this particular point, he has to
19  go back to Canada.  Now, staying in that particular area of
20  Canada, there -- as you've seen from the filings, there is a
21  dramatic concern.  There has been newspaper articles about
22  him in Canada, so this is not even a narrowly -- like what
23  happens in most cases is something that happens in the
24  courthouse and doesn't gain widespread coverage; but as a
25  result of Mr. Wedding's celebrity, if you will, in Canada, it
```

```
 1  was deemed newsworthy, and quite a bit of information, much
 2  of it which was false, has been put to the news department,
 3  and some of it was obtained off of PACER, it's my
 4  understanding, and just presented as factually correct.
 5  Although it makes for a difficult life when your -- the
 6  entire, if you will, your entire community is aware of your
 7  activities, and a great deal of those people in the community
 8  are -- find him unacceptable.  So I look at this and I look
 9  at a person who was as emersed in these particular activities
10  as Mr. Shirani who did nothing, who received a 30-month
11  sentence and will be returning back to Canada, but --
12              THE COURT:  You mean Mr. Krapchan?
13              MR. WARWICK:  Yes.  -- without any imprimatur of
14  what Mr. Shirani did.  And then not only looking at this case
15  but the other stuff that is presented, I look at this, and in
16  my career there's seldom been a person who has done as much
17  and has done it as well to try to make atonements and turn
18  his life around, and he is going to have a lifelong sentence
19  in the sense of being somewhat limited as to where he can
20  live and people he can be involved with.  And I would ask the
21  Court to strongly consider a sentence of credit for time
22  served in this case given his activities versus a parity with
23  a co-defendant who wound up getting 30 months, who was as
24  deeply involved in this as Mr. Shirani was.  The other
25  activities that are described in here that have been
```

1   presented have provided substantial assistance to the
2   government.
3   　　　　Decision by committee is very difficult, as the
4   Court is well-aware, and we have committees on 5K1, and
5   the -- I think there were probably people who felt that he
6   should get more, but when people who are not as closely
7   related to it come up with a, if you will, consensus number
8   as opposed to people who have actually seen and actually
9   participated and actually observed, it is a -- it's a very
10  difficult thing for the Court to try to sort through that.
11  But you've had a chance to see him, you've had a chance to
12  read everything else that he's done; you understand that the
13  threats are real and have prior activity by the defendant and
14  by the person that has made the threats that make them even
15  realer.  And I would ask the Court to strongly consider to
16  allow a sentence for credit for time served.  We're talking
17  about a few months of additional custody.  He has served all
18  of his time at MCC in a maximum security situation.  He has
19  obviously been cautious about people in there being aware of
20  his activities because it's got -- it's fraught with some
21  danger as well.
22  　　　　So there's been an ordeal.  He obviously got
23  involved in this, but there has been both an incarceration
24  and a mental ordeal that has occurred, and even when he's
25  free of these walls, there is going to be additional

```
 1   punishment for his acts in assisting the government that we
 2   have no ability to control or defend against or to prevent,
 3   and the idea of him remaining in custody for a few months
 4   more for some statistical average or some understanding of
 5   criminal -- criminal sentencing, I suggest that this is not
 6   necessary.  This is a man who has done everything that you
 7   could ask of him, and those few extra months are not going to
 8   deter somebody else from doing this or they're not going to
 9   deter him.  He has burned all those bridges.  He's turned
10   hopefully a corner, and he's going to have to do an awful lot
11   to restore his life, and I would ask the Court for that
12   leniency.
13           THE COURT:  Okay.  Thank you, Mr. Warwick.  Mr.
14   Shirani, you do have an opportunity to make any statement you
15   wish to make.
16           THE DEFENDANT:  I just generally want to apologize
17   for what I've done and -- and ask the Court for an
18   opportunity to go back and live my life.  Thank you.
19           THE COURT:  All right.  Thank you, Mr. Shirani.
20   Mr. Gutierrez, may I start just by sharing a couple of
21   thoughts with you?
22           MR. GUTIERREZ:  Certainly.
23           THE COURT:  I was wondering where the government
24   would come in on this in terms of the 5K recommendation.
25   You've made a real substantial recommendation here, there's
```

1   no question about that; it's one of the larger
2   recommendations I've seen.  Obviously we deal with a range of
3   what's reasonable in these cases in terms of credit under 5K.
4   I don't think that Mr. Warwick's comments are unreasonable or
5   that his suggestion is unreasonable and does fall within the
6   range of reason here.
7            In my own mind I was thinking something along the
8   lines of ten levels would be appropriate, which would bring
9   it down to about a two-year sentence, but listening to Mr.
10  Warwick, one thing -- and reading the letter, your very
11  thoughtful letter; I thought it was a very complete and
12  thoughtful letter -- one thing I've been concerned about with
13  regard to Mr. Shirani is his safety, the safety of Mr.
14  Shirani even when in custody, the safety of family members in
15  Canada.  And if Mr. Shirani can provide any added assistance
16  or protection to those in Canada who may be subject to risk
17  or retaliation in the future, then obviously that's an
18  argument for his earlier return to Canada.
19           I also wanted to, before you had an opportunity to
20  make a recommendation, tell you that Mr. Shirani is probably
21  one of the most credible witnesses I've ever seen testify
22  under circumstances similar to this.  I think without his
23  testimony, who knows what would have happened.  I'm also
24  impressed by the fact that his assistance has provided yet
25  another indictment to proceed in another district.  And so

```
 1  even though you've made a very substantial recommendation
 2  here, I wanted to see what your thinking was in response to
 3  hearing Mr. Warwick's comments as well as my own.
 4          MR. GUTIERREZ:  Your Honor, would the Court indulge
 5  Mr. Warwick and I and have a brief sidebar with regard to
 6  some details which were purposely omitted from the letter but
 7  which I think the Court would like to hear, and I'd be able
 8  to respond?
 9          THE COURT:  Sure.
10          MR. WARWICK:  Thank you, your Honor.
11     (Sidebar conference sealed by order of the Court and
    omitted from this transcript.)
12          THE COURT:  Okay.  Thank you, counsel.  Starting
13  with the advisory guidelines, the base offense level is a 32.
14  There are two levels off for safety valve, there would be a
15  three-level downward adjustment for acceptance of
16  responsibility, and the Court will depart downward under
17  5K1.1 12 levels; I think a 12-level departure reasonably and
18  fairly reflects the amount of assistance that was provided by
19  Mr. Shirani in the course of this case and other litigation
20  as well.  I think my comments already stand as a matter of
21  record here and buttress the finding that a 12-level downward
22  adjustment would be fair and reasonable and accurately
23  reflect the quality of the assistance as well as its efficacy
24  here.
25          Accordingly, with a 12-level downward departure
```

1  under 5K1.1, the total offense level is a 15, the criminal
2  history score is zero, which is a category I, and the
3  advisory range would be 18 to 24 months.  I would find that a
4  time-served sentence in this case would be fair, just, and
5  reasonable and subserve the relevant sentencing purposes
6  under 3553 (a) of reflecting the seriousness of the offense,
7  other circumstances of which I've spoken here today, and that
8  ultimately it would provide an adequate deterrent message for
9  those who are similarly situated as well as Mr. Shirani.
10              Accordingly, pursuant to the 1984 Sentencing Reform
11 Act, it is the judgment and sentence of the Court that Mr.
12 Shirani be and hereby is committed to the custody of the
13 Bureau of Prisons for the amount of time served.  No fine is
14 imposed.  The special assessment is waived.
15              Mr. Shirani is to be placed upon a three-year
16 period of supervised release with the standard conditions of
17 supervision applying as well as the following special
18 condition:  If deported, excluded, removed, or allowed to
19 voluntarily return to Canada -- which I understand will the
20 circumstance, Mr. Shirani, that you will be deported -- you
21 are to neither attempt unlawful entry into the United States
22 nor enter the United States unlawfully; and you are to report
23 to probation within 24 hours of any lawful entry into the
24 United States during that three-year period of time.
25 Supervision is waived upon deportation, exclusion, removal,

Case 3:08-cr-02386-JM   Document 228   Filed 02/01/10   PageID.3213   Page 12 of 13

12

```
 1  or voluntary departure.
 2              Sir, I have imposed sentence under the agreement
 3  you have entered into and in such a way that you have waived
 4  your right to appeal or in any other way attack or challenge
 5  both the conviction based on your plea of guilty as well as
 6  the sentence imposed; do you understand that?
 7              THE DEFENDANT:  Yes, sir.
 8              THE COURT:  Okay.  Mr. Warwick, will you come
 9  forward, please, and secure a copy of the terms and
10  conditions of supervised release so that you provide those to
11  Mr. Shirani?  It would be appreciated.
12              MR. WARWICK:  Thank you, your Honor.
13              THE COURT:  Okay.  You have done that.  Thank you.
14  Good luck to you, Mr. Shirani.
15              THE DEFENDANT:  Thank you, your Honor.
16          (The proceedings were concluded.)
17
18
19
20
21
22
23
24
25
```

```
 1                      Certificate of Reporter
 2
 3   I hereby certify that I am a duly appointed, qualified, and
 4   acting Official Court Reporter for the United States District
 5   Court; that the foregoing is a true and correct transcript of
 6   the proceedings had in the mentioned cause on the date or
 7   dates listed on the title page of the transcript; and that
 8   the format used herein complies with the rules and
 9   requirements of the United States Judicial Conference.
10
11   Dated _____ at San Diego, California.
12
                                         _____
13                                       /s/ Debra M. Henson  (electronic)
                                         Debra M. Henson
14                                       Official Court Reporter
15
```